LAURA ROSS HARGRAVE and ELDORA ROSS v. S. S. McNINCH.

(Filed 6 May, 1925.)

APPEAL by defendant from *Shaw, J.,* at November Term, 1924, of MECKLENBURG, upon the following verdict:

1. Are the plaintiffs the owners in fee of the lot described in the complaint? Answer: Yes.

2. Has the defendant any interest in said lot? Answer: No.

*D. W. Spencer, Tillett & Guthrie and C. W. Tillett, Jr., for plaintiffs.*
*J. F. Flowers for defendant.*

PER CURIAM. This is an action to remove a cloud from the plaintiffs' title to a lot in the city of Charlotte. In 1914 the defendant executed a deed of trust conveying real estate in Ward 4 to secure certain indebtedness mentioned in said deed and afterward made default in payment. The trustees sold the land in 1918 to the Home Realty Company, subsequently known as the American Title and Guaranty Company, and executed to the purchaser a deed therefor. Suit was then brought to dispossess the defendant, and judgment was rendered against him. In 1919 a part of the land was conveyed to W. F. Buchanan, and in 1923 the remainder thereof was conveyed to C. W. Johnson. Thereafter Johnson conveyed to the plaintiffs that portion of the land which lies between the lot conveyed to Buchanan and the lot known as the Wriston property. The plaintiffs are in possession, and they allege that the defendant has wrongfully set up a claim of title to their property.

The defendant filed an answer outlining his former transactions with the American Trust Company and alleging that this company or the American Title and Guaranty Company, subsidiary thereto, had received the property in question under a trust agreement which had not been performed, and by virtue of which the Title and Guaranty Company was without authority to transfer the title.

Record and parol evidence was introduced, and at the conclusion of the evidence the jury were instructed, under the admissions made by counsel, that if they found the facts to be as shown in the records and testified to by the witnesses they should answer the first issue "Yes" and the second "No."

We are satisfied from an examination of the record that there is no error in this instruction. In fact, upon his own showing the defendant

has failed to establish a valid defense to the plaintiffs' cause of action. A discussion of the exceptions would serve no useful purpose, and for this reason is omitted.

No error.

CLARKSON and VARSER, J.J., not sitting.